

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion No. O-4867
Re: What procedure should be fol-
lowed for adding notary seals
omitted on deeds recorded by
prior county clerk?

We have your favor of September 19, requesting an
opinion on the above matter, said request being as follows:

"In checking some of the old Deed Records of
this office at the request of one of the citizens
of this County who had two deeds that had been re-
corded some 30 or 40 years ago the record does not
show that the notary seal had been placed on the
record while from all appearances the seal was ac-
tually on the deed at the time it was recorded.

"Please advise us of the proper method of
handling of the addition of the seal to this rec-
ord. Should a notation of this seal be added to
the original record or should the deed be recorded
in full.

"If to be re recorded should a fee be charged
to the landowner or person filing the deed or
should the County record the deed gratis to cor-
rect a former County Clerks apparent error.

". . . ."

The general rule is that "an officer may correct
mistakes in his official records, on proper showings", 36
Tex. Jur., Sec. 10, p. 407, but we fail to find any statute
or decision authorizing a county clerk to correct a mistake
made by a former county clerk some thirty or forty years ago.

It is our opinion, therefore, that the present county clerk would not be authorized to correct the record referred to by now showing that the notary's seal appeared on said deeds.

We do not think that it is necessary for said deeds to be again recorded, since it has been generally held that the mere fact that same have been heretofore recorded is evidence of the fact that they were executed as provided for by law, and it would be presumed that the notary affixed the seal to acknowledgments taken by him. 1 Tex. Jur., Sec. 78, pp. 486-7; Alexander v. Houghton, 26 S. W. 1102. Further, under the provisions of Articles 3726 and 3726b, it is our opinion that said deeds would be as effective without having said records corrected, or said deeds again recorded, as they would be if same were recorded, since said Articles provide that where deeds have been on record as long as ten years it shall be no objection to the admission of same, or a certified copy thereof, as evidence that the officer taking the acknowledgment of such instrument having an official seal did not affix the same to the certificate of acknowledgment, or that the notarial seal is not shown of record. It is our opinion, therefore, that if the parties interested in these deeds desire to have same again recorded they should pay the fees required therefor.

Trusting this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:mp

APPROVED OCT 6, 1942

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN